# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Harry Brantley,<br>    Petitioner,<br><br>v.<br><br>Director, Va. Department of Corrections,<br>    Respondent. | 1:16cv661 (GBL/JFA) |

## MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Harry Brantley, a Virginia inmate proceeding pro se. Brantley challenges the constitutionality of convictions entered in the Circuit Court of Prince George County.[1]

## I. Background

On December 5, 2013, petitioner was convicted following a jury trial of two counts of attempted robbery, two counts of use of a firearm in the commission of a robbery, malicious wounding, and use of a firearm in the commission of a malicious wounding. Case No. CR13-0017-00 through -05. He received consecutive sentences for the various offenses that totaled an active term of forty-two (42) years incarceration. Sentencing 12/5/2013, T. 13. The charges stemmed from the following incident:

> The victims, who are married, own a restaurant. Linda Purdie, one of the victims, testified that on Friday nights after they close the restaurant, she and her husband routinely take the money from the restaurant to their home in a briefcase. Linda Purdie stated her husband always places the briefcase on the rear seat of their vehicle behind the driver's seat. One Friday evening, they closed the

---

[1] Brantley has a separate § 2254 petition pending in this court as Case No. 16cv1014 (LO/IDD) concerning convictions entered in the Hopewell Circuit Court. See Order, Dkt. No. 39.

restaurant, left work together, and drove into the garage of their home. Linda Purdie exited the vehicle and was near the rear passenger door when she saw a person standing in front of her with a bag over his head. The person was later identified as appellant. Linda Purdie stated appellant had a gun in one hand and a pink bag over his shoulder. She walked toward appellant, and he said, 'Don't move.' Linda Purdie continued to walk toward appellant, and she grabbed his arm. Appellant pushed her to the ground, and she yelled for her husband. Linda Purdie then heard a gunshot and a second gunshot. Her husband, Kenny Purdie, and appellant had exchanged gunfire and both men were shot. Appellant fled the scene, but he left the pink bag in the garage.

Kenny Purdie testified he drove into the garage and opened the back door of his truck. He thought he saw 'something behind' his truck. He then heard his wife exclaim, 'He's got a gun.' Kenny Purdie retrieved his gun from the truck. Kenny Purdie stated that appellant was standing by the middle of the tail gate of the truck and that appellant shot him in the shoulder. Kenny Purdie then shot at appellant, who flinched and fled.

Jasmine Reid testified that she lived with appellant at the time of the incident and that their residence was 'around the corner' from the shopping center where the restaurant owned by the victims was located. On the evening of the incident, she saw appellant at a child's party, but he left the party before it ended at 8:00 or 9:00 p.m. Reid testified that she next saw appellant at about 11:20 p.m. and that he had been shot in the shoulder. Reid stated appellant also told her he had shot someone. Reid and appellant cleaned the wound, and appellant took a shower. Reid testified that while appellant was in the shower he was talking to himself and that he twice said he 'should have taken the money.' In addition, Reid identified the pink bag that appellant left at the scene as belonging to her.

Detective Reed testified the recovered pink bag contained, among other things, two rolls of duct tape and a set of keys that appeared to go with toy handcuffs.

Brantley v. Commonwealth, R. No. 2381-13-2 (Va. Ct. App. Aug. 25, 2014), slip op. at 2-3.[2]

---

[2]Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

2

Petitioner appealed the convictions of attempted robbery and related firearms offenses to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain those convictions. The appeal was denied on August 25, 2014. Brantley v. Commonwealth, supra. On April 16, 2015, the Supreme Court of Virginia refused a petition for further appeal. Brantley v. Commonwealth, R. No. 141339 (Va. Apr. 16, 2015).

On January 16, 2015, petitioner filed a pro se petition for a state writ of habeas corpus in the Circuit Court of Prince George County. The petition challenged only the convictions for malicious wounding and related firearms offenses on the following grounds:

> A. Counsel was ineffective for failing to object to the admission of contaminated evidence.
>
> B. Counsel was ineffective for failing to object to the admission of expert reports where an expert was not present, and for failing to subpoena an expert to challenge the admission of forensic reports.
>
> C. The Commonwealth engaged in prosecutorial misconduct by making improper closing arguments.
>
> D. Counsel was ineffective for failing to subpoena an expert witness and to present a defense to contradict the Commonwealth's theory.
>
> E. Counsel was ineffective for failing to argue on appeal that the Commonwealth's closing argument was improper.
>
> F. Counsel was ineffective for failing to argue on appeal that the Commonwealth's failure to disclose impeachment evidence prior to trial was improper.
>
> G. Counsel was ineffective for failing to "include jury instructions elements of a mistrial."
>
> H. Counsel was ineffective for informing petitioner he was not appealing certain issues.

3

I. The trial court abused its discretion by finding that the Commonwealth was not required to disclose impeachment evidence it intended to use at trial in the form of recording of the petitioner on the jail phone.

J. The Commonwealth engaged in prosecutorial misconduct by failing to disclose impeachment evidence prior to trial.

K. The Commonwealth engaged in prosecutorial misconduct by introducing a "forensic analysis report that wasn't proven beyond a reasonable doubt."

L. The trial court abused its discretion by failing to perform an *in camera* review of the jail phone recordings.

M. Counsel was ineffective for failing to argue on appeal that the trial court abused its discretion by failing to perform an *in camera* review of the jail phone recordings.

N. Counsel was ineffective for failing to move the court to review the jail phone recordings *in camera* and for failing to request a continuance.[3]

The court granted respondent's Motion to Dismiss the petition in a letter opinion on September 15, 2015, and a Final Order was entered on October 8, 2015. Case No. CL-230 at 164-68, 189-90. Petitioner appealed that result to the Supreme Court of Virginia which refused the appeal on June 16, 2016. Brantley v. Dir., Dep't of Corr., R. No. 160054 (Va. June 16, 2016).

Meanwhile, Brantley filed a separate petition for a writ of habeas corpus as to his attempted robbery and related firearms convictions in the Supreme Court of Virginia on June 12, 2015, raising the following claims:

A. Counsel was ineffective for failing to file a motion for

---

[3]Consistent with the Respondent's Brief, this proceeding is referred to herein as "State Petition I."

                    discovery and present 'exculpatory evidence" to the jury.

    B.     The Commonwealth engaged in prosecutorial misconduct by failing to disclose the results of a fingerprint analysis.

    C.     Counsel was ineffective for (1) failing to object to a motion to *nolle pros* by the Commonwealth, (2) failing to argue the "exculpatory evidence," and (3) failing to move for a continuance.

    D.     The evidence was insufficient to establish petitioner's guilt.

    E.     Counsel was ineffective for failing to raise appealable issues on direct appeal.

    F.     Counsel was ineffective for failing to object to an in-court identification.

    G.     The Commonwealth engaged in prosecutorial misconduct by moving for the admission of false and inadmissible evidence.

    H.     Counsel was ineffective for failing to object to false and inadmissable evidence.[4]

The Supreme Court of Virginia dismissed the petition on January 7, 2016. Brantley v. Clarke, R. No. 150452 (Va. Jan. 7, 2016).

Petitioner then turned to the federal forum and timely filed the instant federal petition on July 6, 2016 followed by an amended petition on March 24, 2016. In the amended petition, which is the operative petition in the case (Dkt. No. 16), petitioner makes the following claims:

    1.     Counsel was ineffective for failing to argue the proper rule to suppress recordings of his jail phone conversations or to compel the Commonwealth to disclose the recordings for inspection.

---

[4]This proceeding is referenced here as "State Petition II."

5

2. His rights were violated by prosecutorial misconduct when the Commonwealth failed to disclose recorded phone conversations made by the petitioner while incarcerated.

3. Counsel was ineffective for failing to object to an improper jury instruction and failing to request that the jury be instructed regarding 'intent' associated with attempted robbery.

4. The evidence was insufficient to sustain the robbery convictions as it failed to establish that he had the intent to take money from the victims.

5. Counsel was ineffective for failing to appeal the malicious wounding and related firearm convictions.

6. Counsel was ineffective for failing to raise prosecutorial misconduct as an issue on direct appeal.

7. Counsel was ineffective for failing to adequately investigate petitioner's gunshot wound.

Respondent filed a Motion to Dismiss the petition along with a supporting brief on August 10, 2016, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Dkt. No. 17 - 20) By an Order dated January 24, 2017, the Motion to Dismiss was denied without prejudice to renewal, with instructions that the state court records be clarified. (Dkt. No. 30) Respondent filed a renewed Motion to Dismiss and supporting brief on February 22, 2017, and again provided petitioner with the appropriate Roseboro notice. (Dkt. No. 32-35) Petitioner filed a Response Brief. (Dkt. No. 24, 40) Accordingly, this matter is now ripe for disposition. For the reasons which follow, respondent's Motion to Dismiss the petition will be granted, and Brantley's Motion to Appoint Counsel will be denied, as moot.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be simultaneously exhausted and procedurally barred from federal review. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Here, respondent correctly acknowledges that petitioner's claims are exhausted either because they were previously presented to the Supreme Court of Virginia or because they would now be procedurally barred from consideration in the state forum.

### III. Procedural Default

Claims 1, 2, and 3 of this federal petition are procedurally defaulted from federal review.[5] In Claim 1, Brantley argues that counsel provided ineffective assistance by failing to argue the proper rule to suppress recordings of his jail phone conversations or to compel the Commonwealth to disclose the recordings for inspection; this position was first raised as Claim D in State Petition II filed in the Supreme Court of Virginia. In Claim 3, he contends that counsel was ineffective for failing to object to an improper jury instruction and to an instruction regarding the 'intent' element of attempted robbery; this contention was originally made at Claim K in State Petition II. The Supreme Court of Virginia held that both of these claims were "barred as improperly successive" under Va. Code § 8.01-654 (B)(2) because Brantley "could have raised these claims in his first petition but did not, and petitioner cannot circumvent the prohibition on successive habeas petitions by separately challenging his several counts of conviction that stem from the same trial and sentencing." Brantley v. Clarke, R. No. 150959 (Va. Apr. 14, 2016) at 3.

In Claim 2, petitioner argues that he was the victim of prosecutorial misconduct when the Commonwealth failed to disclose recorded phone conversations made of the petitioner while he was incarcerated. When petitioner first made this contention as Claim J in State Petition I, the Circuit Court determined that the claim was barred by the holding of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 280 (1974) because it "could have been raised and adjudicated at Brantley's trial and he could have pursued [it] on appeal ...." Case No. CL-230 at 166.[6]

---

[5]Respondent argues that Claim 7 also is procedurally defaulted because it was determined to be repetitious in Brantley's second state habeas proceeding. Brantley v. Clarke, R. No. 150949 at 2. However, because the claim was adjudicated on the merits in Brantley's first state habeas action, the Court does not find that the claim is defaulted, and it will be discussed on the merits *infra*.

[6] Because the Supreme Court of Virginia refused further review of this order without explanation, see Brantley v. Dir., Dep't of Corr., R. No. 160054 (Va. June 16, 2016), the reasoning of the Court

8

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas corpus. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). Both of the procedural rules used by the Virginia courts to default petitioner's claim 1, 2 and 3 have been held to be independent and adequate. See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (determining procedural bar of successive habeas applications in Va. Code §8.01-654(B)(2) to be a well-recognized adequate and independent ground); Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) ("The procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision.").

Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Response to the Motion to Dismiss, Brantley appears to argue that the default of his

---

of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

two ineffective assistance of counsel claims should be excused pursuant to Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012). (Dkt. No. 40 at 9) There, the Supreme Court:

> ... held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for default 'consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law requires 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___, 133 S. Ct. 1911, 1918 (2013). The Court in that case stressed that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial." Fowler, 753 F.3d at 461. Petitioner here fails to make such a showing as to either of his defaulted ineffective assistance claims.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v.

10

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In Claim 1, Brantley argues that his counsel was ineffective for failing to argue the proper rule to suppress recordings of his jail phone conversations or to compel the Commonwealth to disclose the recordings for inspection. Specifically, Brantley contends that the Commonwealth was compelled pursuant to Rule 3A:11(b) to disclose all of the statements he made that it intended to use at trial. However, the rule upon which Brantley relies in fact requires only that statements made to law enforcement officers be disclosed in pretrial discovery. See Rule 3A:11(b)(1)(I). Because statements Brantley made on the jail telephone are not covered by Rule

11

3A:11(b), the Commonwealth had no duty to disclose those statements. Moreover, as the statements at issue were made by Brantley himself, he could not have been prejudiced by any failure of the Commonwealth to disclose them, as he was already aware of the contents of the statements and could have disclosed them to his attorney himself. See Epperly v. Booker, 235 Va. 35, 45, 366 S.E.2d 62, 67 (1988) (noting that petitioner "could have disclosed his own statements to his own attorneys as they were preparing his defense."). Since petitioner fails to establish either deficient performance by counsel or prejudice stemming from his efforts with respect to Claim 1, the allegations of ineffective assistance are not substantial, and Martinez does not apply to excuse its procedural default.

In Claim 3, Brantley asserts that his lawyer provided ineffective assistance by failing to object to an improper jury instruction and failing to request that the jury be instructed regarding the 'intent' associated with attempted robbery. This claim is directly refuted by the record. The jury was instructed that in order to find Brantley guilty, the Commonwealth had to prove that he "intended to commit robbery of [the victim]" and that he "did a direct act towards the commission of the robbery, which amounted to the beginning of the actual commission of he robbery." Tr. 9/3/2013 at 192-93. Since the jury thus was properly instructed on attempted robbery, any objection by counsel would have been futile, and it is well established in federal law that an attorney has no duty to make meritless arguments or objections. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (citing Murray v. Maggio, 736 F. 2d 279, 283 (5th Cir. 1984). Accordingly, Claim 3 is not a substantial claim of ineffective assistance, and Martinez does not apply to excuse its procedural default.

Because the Martinez exception does not apply to Claims 1 and 3 of this petition, and because petitioner makes no viable showing of cause and prejudice for the default of Claim 2 or

the existence of a fundamental miscarriage of justice in his Response, these claims are procedurally barred from federal review. Harris, 489 U.S. at 262.

### IV. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### V. Analysis

In Claim 4 of this petition, Brantley argues that the evidence was insufficient to sustain his convictions of attempted robbery and the related firearms offenses. When he made the same

argument on direct appeal, the Court of Appeals found it to be without merit, as follows:

> Here, appellant wore a mask, he possessed a gun, and he carried a bag containing duct tape when he confront the victims in their garage after they arrived home from their restaurant on a Friday night. Evidence was presented that the victims routinely had cash in their vehicle on Friday nights. While no evidence showed appellant specifically demanded money from the victims, he pointed the gun at Linda Purdie and told her not to move. In addition, appellant shot Kenny Purdie as he stood near the door to the back seat of the vehicle where the money was located. Furthermore, appellant fled the scene without taking any money and, a short time after the incident, appellant was heard saying he "should have taken the money." "The specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements." Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992). From the evidence presented, the jury could infer appellant had the specific intent to steal money from the victims. A fact finder is entitled to draw reasonable inference from proven facts, so long as "all circumstances proved [are] consistent with guilt and inconsistent with innocence and exclude all reasonable conclusions inconsistent with guilt." McMorris v. Commonwealth, 276 Va. 500, 506, 666 S.E.2d 348, 351 (2008). Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

Brantley v. Commonwealth, R. No. 2381-13-2, slip op. at 3-4.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the

14

jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Brantley guilty of the attempted robberies and firearms offenses with which he was charged. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim 5, Brantley contends that he received ineffective assistance of counsel because counsel failed to appeal the malicious wounding conviction and related firearms offenses after telling Brantley that doing so would be futile. In claim 6, he asserts that counsel provided ineffective assistance by failing to raise a claim of prosecutorial misconduct on direct appeal. When Brantley made these same arguments in his habeas corpus application to the Prince George Circuit Court ("State Petition I"), they was denied for the following reasons:

> ... Brantley asserts that counsel was ineffective for informing the petitioner "he wasn't appealing the offenses in which I seek relief because he felt there was no merit to do so."
>
> However, Brantley has not identified with specificity how the failure of counsel to appeal on these grounds was objectively unreasonable. Judicial scrutiny of trial counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. To succeed on his claim here, Petitioner must overcome the presumption that the challenged actions "might be considered sound trial strategy." Id. An attorney has no duty to raise on appeal every non-frivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). Rather, the "process of winnowing out weaker claims on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Id. at 751-52. Under the facts and circumstances of this case, trial

> counsel's actions were reasonable and fell within the wide range of
> professionally competent assistance. Brantley has not established
> either deficient performance or prejudice as required by Strickland.

Case No. CL-230 at 167.

As the state court acknowledged, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Here, there has been no showing that appellate counsel's decision not to challenge the malicious wounding and related firearms convictions on direct appeal satisfies either prong of the Strickland analysis. Accordingly, the state courts' rejection of Claims 5 and 6 was factually reasonable and in accord with applicable federal principles, Strickland, supra, and that result may not be disturbed here. Williams, 529 U.S. at 412-13.

In Claim 7, Brantley asserts that he received ineffective assistance because counsel failed adequately to investigate petitioner's gunshot wound and to argue that if the Commonwealth's version of events were true a backpack recovered at the crime scene would have had a bullet hole. When he made this same argument in his first state habeas corpus petition, it was rejected on the following holding:

> Regarding Claim D, Brantley asserts that counsel was ineffective for
> failing to subpoena an expert witness and to present a defense that
> would have contradicted the Commonwealth's theory. Specifically,
> Brantley alleges that trial counsel should have presented an expert
> witness to testify that had events unfolded according to the victim's
> version of the incident, the backpack would have had a bullet hole in
> it. However, Brantley has failed to proffer the names of any experts

16

> his counsel should have consulted, nor has he proffered what favorable information a defense expert would have testified to at trial. His uncorroborated speculation is inadequate. By failing to make this proffer, Brantley has not established deficient performance or prejudice as required by Strickland, and Claim D must also fail.

Case No. CL-230 at 167.

Federal courts recognize the principle that failure to provide an affidavit to verify the testimony of a missing witness is fatal to a habeas petitioner's claim of ineffective assistance. See Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). Because the rejection of Claim 7 was factually reasonable and squarely in keeping with such authorities, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion to Appoint Counsel will be denied, as moot. An appropriate Order and judgment shall issue.

Entered this _12_ day of _Sept_ 2017.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge